IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARROW PAYNE-BEY, #191 049, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CIVIL ACTION NO.: 2:18-CV-975-MHT |
| | )                [WO] |
| CHERYL PRICE, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate at the W.E. Donaldson Correctional Facility, challenges Defendants Price and Bolling's refusal to allow him to receive a "compensation and pension" medical exam by the Department of Veteran's Affairs in Birmingham, Alabama, for a disability claim so he may have the opportunity to become financially stable. The W.E. Donaldson Correctional Facility—in Bessemer, Alabama—and Birmingham, Alabama, are within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations in the complaint, the court concludes this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[1]

**I. DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State

---

[1] Plaintiff's complaint is accompanied by a request for leave to proceed *in forma pauperis*. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Northern District of Alabama.

in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

Plaintiff complains that the defendant prison officials at the Donaldson Correctional Facility violated his right to due process and subjected him to cruel and unusual punishment regarding his ability to receive a medical exam by the Veteran's Administration in Birmingham, Alabama, to resolve health issues which he claims are not being adequately addressed by the prison health care provider. The Donaldson Correctional Facility and Birmingham, Alabama are within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Northern District of Alabama. Although Defendant Ruth Naglich resides in the Middle District of Alabama, as an Associate Commissioner of the Alabama Department of Corrections she is subject to service of process throughout the state

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.  It is further

ORDERED that **on or before December 11, 2018**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of November, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE